# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | | |
|---|---|---|---|
| **JOHN STELLIOS DAVIS,** | } | | |
| | } | | |
| Petitioner, | } | | |
| | } | Case No.: | 2:09-CV-8011-RDP-JEO |
| v. | } | | 2:06-CR-0057-RDP-JEO |
| | } | | |
| **UNITED STATES OF AMERICA,** | } | | |
| | } | | |
| Respondent. | } | | |

## MEMORANDUM OPINION

On March 3, 2011, the Magistrate Judge filed his Report and Recommendation in the above-styled case, recommending that Petitioner's motion to vacate or set aside sentence filed pursuant to 28 U.S.C. § 2255 be denied and dismissed with prejudice. (Doc. #31). Petitioner filed objections to the Report and Recommendation.[1] (Doc. #34).

---

[1] Petitioner also filed a number of motions after the Magistrate Judge entered his Report and Recommendation. (*See* Docs. #32, 33, 36, 37, 38, and 40). Petitioner's application to proceed without prepayment of the filing fee (Doc. #33) is **MOOT**. The other motions Petitioner filed make various requests to amend and/or supplement his § 2255 petition (Docs. #32, 37), amend and supplement his objections to the Report and Recommendation (Docs. #36, 38), and supplement the record by filing a transcript (Doc. #40). Each of those motions are **GRANTED**. However, although the court has considered each of the arguments advanced by Petitioner, the court has determined that those arguments do not warrant the relief he requests here, primarily for two reasons. First, Petitioner's guideline arguments are off the mark because the guidelines are not controlling and, in any event, the court sentenced Petitioner based upon the factors that Congress has provided at 28 U.S.C. § 3553(a) irrespective of the Guideline calculations. (*See* Doc. # 10-11, at p. 26 lines 1-5). Second, the court finds that, notwithstanding his additional arguments — most of which parrot (or are substantially similar to) his initial objections — Petitioner is not entitled to the relief he seeks here.

In his Report, the Magistrate Judge efficiently and thoroughly addressed each of Petitioner's claims.[2] The court has carefully reviewed and considered *de novo* all the materials in the court file, including the Report and Recommendation and objections thereto, and the court is of the opinion that the Report is due to be and hereby is **ADOPTED** and the Recommendation **ACCEPTED**. Consequently, Petitioner's motion to vacate or set aside sentence filed pursuant to 28 U.S.C. § 2255

---

[2] The court adds a single comment to the Magistrate Judge's thorough analysis: Petitioner argues that there was no evidence he sent child pornography across state lines. That argument ignores his acknowledgment and admission of that fact during his consent hearing:

| | |
|---|---|
| THE COURT: | All right. Mr. Davis, what I want you to do is to listen carefully to what the Assistant U.S. Attorney is about to say because I'm going to ask him to outline for both of us some of the evidence he would offer to a jury should this case go to trial, and I'll ask the government to tell me what it would expect to prove beyond a reasonable doubt if this case were to proceed to trial. |
| MR. CARROLL: | Your Honor, should this case proceed to trial, the government would expect the evidence would show that on or about August the 1st, 2005, the defendant *John Stellios Davis sent at least four images* of child pornography, as that term is defined under Section 2256 of Title 18. *He sent those images by computer via the Internet from his residence in Asheville, North Carolina to an undercover officer who was located in Birmingham, Alabama* which is in Jefferson County within the Northern District of Alabama. |
| THE COURT: | Anything further? |
| MR. CARROLL: | Nothing further. |
| THE COURT: | All right. Mr. Davis, you have heard the Assistant U.S. Attorney briefly outline the facts that the government would expect to prove at trial. Are those facts substantially correct? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | Did you hear him say anything that's incorrect? |
| THE DEFENDANT: | No, Your Honor. |
| THE COURT: | Did you do the things he said you did? |
| THE DEFENDANT: | Yes, Your Honor. |
| THE COURT: | And did you know you were violating the law when you did those things? |
| THE DEFENDANT: | Yes, Your Honor. |

(Doc. #10-7 at p. 16, line 16 to p. 17, line 21) (emphasis added).

is due to be denied. A separate order in accordance with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this ___19th___ day of September, 2012.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE